## SUN CONST. CO. v. KANDEL.

### (Supreme Court, Appellate Term.   May 4, 1911.)

1. CONTRACTS (§ 322*)—PERFORMANCE—EFFECT—RECOVERY OF EXPENDITURES.
    Where defendant agreed to lay a concrete walk and yard at an apartment house, "in a durable and substantial manner," and "without the performance of any part of the said work in unsuitable manner," and defendant completed the work and was paid the price therefor, evidence that the walk, two weeks after the work was finished, cracked and bulged, so that plaintiff was compelled to have it done over, was sufficient to make out a prima facie case for the recovery of the cost of the repair work.
    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 322.*]

2. CONTRACTS (§ 322*)—ACTION FOR BREACH—EVIDENCE.
    Where a contract for the construction of a concrete walk and yard provided that the work was to be done "in a durable and substantial manner" and "without the performance of any part of the said work in an unsuitable manner," and, two weeks after the work was finished, the concrete cracked and bulged, and the owner of the building had the work done over, and sued the contractor for the cost thereof, plaintiff's testimony that the foundation for the concrete contained only cinders, and that the top covering was less than an inch thick, was inadmissible, in the absence of a showing that the mode of construction was not the usual one and was in fact insufficient.
    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 322.*]

3  CONTRACTS (§ 322*)—DEFECTS IN PERFORMANCE—WAIVER—EVIDENCE.
    In an action by the owner of a building against a contractor to recover the cost of reconstructing a concrete walk and yard alleged to have been laid in such a manner that it cracked and bulged within two weeks after the work was completed, evidence *held* to show that defendant performed the work during freezing weather at the peremptory direction of plaintiff, and that plaintiff agreed to assume the risk arising from the impairment of the work by its freezing.
    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 322.*]

4. CONTRACTS (§ 316*)—DEFECTS IN PERFORMANCE—WAIVER—REMEDY.
    Where defendant agreed to lay a concrete walk and yard "in a durable and substantial manner," and negligently delayed the work until cold weather set in, and then at the peremptory direction of plaintiff laid it in freezing weather, so that it was injured and cracked. and bulged within two weeks after the work was finished, such delay might give plaintiff a right of action for damages; but he had no right to direct the work to be done in freezing weather, and, after the defect became apparent, to cause the work to be reconstructed at the cost of defendant.
    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 316.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the Sun Construction Company against Morris J. Kandel. From a judgment for plaintiff, defendant appeals.  Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Tobias A. Keppler, for appellant.

Louis B. Brodsky, for respondent.

. *For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·LEHMAN, J. The defendant agreed to lay concrete on the sidewalks and yard of an apartment house which the plaintiff was constructing. The work was to be done in accordance with certain specifications "in a durable and substantial manner" and "without the performance of any part of the said work in unsuitable manner." The defendant completed the contract and was paid for it. Thereafter the sidewalk cracked and bulged, and the plaintiff was obliged to have part of the work done over and has recovered· a judgment for the value of this work occasioned by the defendant's failure to do the work in a durable manner. The plaintiff proved that a few weeks after the work was finished it became badly cracked. He also introduced some very vague and unsatisfactory testimony that the foundation for the concrete contained only cinders, and that the top covering was less than an inch thick.

[1] In the absence of. the specifications or of any testimony showing that this construction was not only unusual, but insufficient, such facts, even if true, are immaterial. The testimony, however, that the concrete work became defective within two weeks, was in my opinion sufficient to make out a prima facie case.

[2] ·The defendant rebutted this case by showing that concrete work cannot be laid in freezing weather, and perhaps not when the ground is frozen, and that this work was performed in the cold weather prevailing during the months of January and February. He testified positively that he refused to lay the concrete in the cold weather, but in January and February was peremptorily directed by the plaintiff's president to proceed with the work immediately and· he would assume the risk.

[3] The president denies this conversation, but the defendant is corroborated not only by the former superintendent of the plaintiff and the former watchman, but also by the inspector of the tenement house department, who claims that he was present at the conversation. Moreover, the defendant is strongly corroborated by the circumstance that, though he was doing other work for the plaintiff for several years previous to and at about this time, only the work performed in January and February was defective. The plaintiff claims that there are contradictions between the testimony of the defendant and the tenement house inspector. I have read the testimony carefully, and find that such contradictions in no wise impair the credibility of the testimony, but relate only to such immaterial details as would naturally not remain accurately in the inspector's memory.

I do not think that it can be seriously contended that the defendant was not directed to perform this work immediately, and that the plaintiff did not assume the risk arising from freezing, and that it is quite probable that the trial justice so held, but gave judgment for the plaintiff upon· the theory urged by the plaintiff that. with proper diligence the work could have been performed before the winter. There were certainly delays in the work, and each side tries to push the responsibility for the delay upon the other.

[4] Conceding that the defendant did unduly delay the work, such delay would give the plaintiff a right of action for damages caused by

the delay; but it would certainly not permit it to direct the defendant to do the work at an unsuitable time and then claim that compliance with its directions constitutes a breach of contract.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.